

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:10-CR-23 |
| | § | |
| WILLIAM THOMAS DYKES | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, William Thomas Dykes, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #51) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on February 17, 2015 , in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On November 18, 2011, the Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to failure to register as a sex offender, a Class C felony. Judge Clark sentenced the defendant to 37 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include 1) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; 2) that under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health

treatment as deemed appropriate by the treatment provider; 3) that under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing; and 4) that the defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer. On July 15, 2013, William Thomas Dykes completed his period of imprisonment and began service of the original supervision term.

On March 5, 2014, the District Court revoked the original term of supervised release and sentenced Mr. Dyke to 12 months and 1 day imprisonment followed by 5 years of supervised release. In addition to the previously imposed conditions of supervised release, the Court added special conditions to include up to 180 days in a community corrections center; that the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment; that he shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.); and as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense; that the defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital

recorders; or any other type of recording and/or photographic equipment; that the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children; that the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release. On August 29, 2014, William Thomas Dykes completed the revocation imprisonment term and began his current supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.*

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government submitted, in exhibit form, a copy of two documents entitled *Response(s) to Allegation of Violation of Conditions of Supervision* signed by Mr. Dykes and his probation officer in which he admits to using methamphetamine on the dates specified in the petition.

Mr. Dykes agreed with the evidence presented and offered a plea of true to the allegations. Specifically, he pled true to the allegation that he used and possessed methamphetamine, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by using and possessing a controlled substance.[1]

Should the Court find that William Thomas Dykes violated his conditions of supervised release by possessing methamphetamine, he will be in violation of Texas Health and Safety Code § 481.115 and be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. *See* U.S.S.G. § 7B1.3(a)(1); 18 U.S.C. § 3583(g)(1). U.S.S.G. § 7B1.4(a) indicates that the applicable revocation imprisonment range, based on a Grade B violation and a criminal history category of VI, is 21 to 24 months. Because the original offense of conviction in this case was a Class C felony, the statutory maximum imprisonment term upon revocation is capped at two years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation

---

[1] The Court may find that drug use is equivalent to possession of the prohibited substance. *See United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992). The Court has the discretion to conclude that a positive test is evidence of possession. *See id. See also United States v. Campbell*, No. 03-30119, 87 F. App'x 75, 76 (9th Cir. Feb. 3, 2004) (citing *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991) (per curiam)).

of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[2], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant used and possessed a controlled substance in violation of his supervision conditions. Mr. Dykes voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **twenty (24) months imprisonment** for the revocation, with no additional term of supervision upon his release.

---

[2] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 18th day of February, 2015.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE